TILLETT. &c.
vs
COMMONWEALTH
FOR RAINEY.

---

DEBT.

## Tillett, &c. vs Commonwealth, for Rainey.

*Case* 99.

### ERROR TO THE GARRARD CIRCUIT.

*Verdict. Instructions. Practice in suits at law. Set- off. Husband and wife. Limitations.*

·*June* 22.

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

Case stated and pleadings.

THIS action of debt was brought in the name of the Commonwealth, for the use of G. Rainey and Maria his wife, formerly Maria Aldridge, upon the guardian's bond executed by Tillett as guardian of said Maria, with S. G. Aldridge as his surety. The defendants pleaded jointly, a performance of the conditions of the bond. on which issue was taken; and Aldridge pleaded separately, that he was surety, &c., and relies upon the failure to sue on the bond within five years after the ward, Maria, arrived at full age, and within five years after the passage of the act of 1838, for the benefit of sureties. To this plea the plaintiff replied, that said Maria was an infant at the passage of the act of 1838, and that said Aldridge had, within five years next pre- ceeding the institution of this suit, acknowledged said bond as a subsisting and binding obligation upon him, and promised to pay it. The rejoinder denies that the ward, Maria, was an infant at the passage of the act referred to, and also denies the alleged acknowledge-

ment and promise by the defendant, Aldridge, within five years, &c., and tendered issue which was joined.

Under the first issue the plaintiff relied on a settlement made by ¡Tillett in 1836, with the commissioners, showing a balance against him of $419 37½, and also read the record of a suit in chancery upon a bill filed in February, 1840, by the defendant, Aldridge, stating his securityship and the settlement by the guardian, and praying that Tillett might be compelled to pay the sum found due by said settlement, to Maria Rainey, or some one for her use, and that he Aldridge, might be released from his liability. Tillett, in answer, admitted the settlement, but making his answer a cross bill, asserted various demands against Rainey, the husband, on account of payments made for him as surety, &c., which more than equalled the amount in his hands as guardian, and prayed that this amount be applied to the payment of his claim against Rainey, and that satisfaction of all claims against him as guardian, &c., be entered of record. Aldridge answered the cross bill in July, 1841. In February, 1844, the answer of Maria Rainey was filed, in which she resisted the proposed application of her money in the hands of her guardian, and alledging that her husband had made no provision for herself and children, prays that the money in her guardian's hand be settled on her, &c. After this answer was filed, Aldridge, in November, 1845, dismissed his original bill, and the cause stood upon the cross bill alone, which after an answer from G. Rainey, was dismissed on motion of Tillett, in December, 1847.

The present action was commenced in November, 1848, more than ten years after the passage of the act of 1838, and it appeared that before the passage of that act, the ward had attained full age, and had intermarried with Rainey.

The Court, on motion of the plaintiff's counsel, instructed the jury in substance: 1st, That they ought to find for the plaintiff the balance appearing due by the settlement, with interest, which they might, in their discretion, compute with annual rests, unless they should believe that Tillett had paid off the sum, or that it was

TILLETT, &c.
vs
COMMONWEALTH
FOR RAINEY.

expressly agreed between Tillett and Rainey, that the demands existing between them were to be considered as payment of the amount due on the guardian's bond; and 2d. That though Mrs. Rainey was of full age at the passage of the act of 1838 referred to, and although five years may have elapsed from her majority, before the institution of this suit, the security, Aldridge, is not thereby released, if within five years before the institution of the suit, he acknowledged the bond sued on as a subsisting and binding obligation upon him. And an instruction asked for by the defendant, Aldridge, to the effect, that a promise made after the bar had become complete under the statute, though within five years before the commencement of the suit, would not support this action.

Judgment of the
Circuit Court.

The jury found for the plaintiff $459 79 cents in damages, and judgment was rendered for that sum as damages, without noticing the penalty of the bond. And on motion of the plaintiff's counsel, the Clerk was directed to endorse on any *fi. fa.* which may issue herein, that the same is for the sole benefit of Maria Rainey. To reverse this judgment Tillett and Aldridge prosecute a joint writ of error.

The objection to the form of the verdict and judgment as being for damages only, and not for the debt, (the penalty of the bond,) to be discharged by the sum found as damages, is purely technical, and as heretofore decided, is not an available ground for reversal; and although the first instruction is erroneous in authorizing the jury to compound the interest annually from the date of the settlement in 1836 to the time of trial, yet as the jury did not do so, but gave in fact only about one years interest on the balance due by the settlement, the defendants were not prejudiced by this error, and it avails them nothing. The principal objection, however, that has been taken to the first instruction, is founded upon its requiring, that there should have been an express agreement between George Rainey, the husband of the ward, and Tillett, the guardian, that the demands between them should go in discharge of the

guardian's debt to his ward, in order to authorize such an application of them by the jury.

But this proposition is, in our opinion at least, as favorable to the defendants as the law will allow. In the first place, in an ordinary action by two joint obligees, the obligor cannot set off his demand against one only of the plaintiffs, without the consent of the other. And although in the case of a debt due to a wife before coverture as this was, the husband may receive or release it, yet as long as it subsists in its original character, it subsists as a debt due to her, and would survive to her or go to her representative, until reduced to a joint judgment, which, while unsatisfied and unappropriated, would survive to either of them upon the death of the other; and nothing short of a reduction of the *chose in action* to the possession of the husband, or his actual appropriation of it to another by assignment, or at least by agreement to assign, upon a consideration executed, can ever, in a Court of law, be regarded as extinguishing her right; indeed, we greatly doubt whether any attempted appropriation to another, which did not amount to a transfer of the legal title, or to a receipt or release, could be regarded as extinguishing the right of the wife even at law. It is to be recollected that the demand upon the guardian belonged to the wife, and that until reduced to possession by the husband, or to a judgment, it did not belong to him either exclusively or jointly with his wife, and if his actual agreement that such a demand may go in discharge of his own debts to the guardian or to another, which would at most create but an equity, can operate as a virtual reduction to possession to extinguish the right of the wife, which we are not prepared to admit; we are satisfied that the mere implication of such an agreement to be drawn by a jury from their own opinion of what the husband may or should have intended, cannot have that effect. In a Court of equity, the actual assignment of the husband is not always regarded as extinguishing her equity to have a provision made for her out of the *chose in action*, if it remain unpaid. And we know of no case in which a Court of law has, against

---

Tillett, &c.
vs
Commonwealth
For Rainey.

That the verdict of the jury is for a sum in damages only is not an available error. Though the Court err in an instruction to the jury, yet if the jury disregard it, the party opposing it is not injured, and cannot reverse for that cause. It is error to compound interest upon a balance found in the hands of a guardian on settlement.

In an action by two joint obligees, the def't. cannot set off his demand against one of them without the consent of the other. Though husband and wife sue for a debt due to the wife before coverture, it subsists as a debt due to her, and will survive to until there be a joint judgment— And while it subsists unappropriated, will survive to either upon the death of the other. And nothing short of the actual appropriation by the husband, or by an agreement to assign, based upon a valid executed consideration can extinguish the right of the wife. (*Quere, is this sufficient?*) In equity the actual assignment of the husband is not always regarded as depriving the wife of her equity to

TILLETT, &c.
    vs
COMMONWEALTH
FOR RAINEY.

have provision
made for her out
of her choses in
action, if they
remain unfound.

the wife's consent, deprived her of her right by allow-
ing a set-off against it, merely on the ground that the
husband was indebted to the wife's debtor.   And if the
law even could allow the implication that a husband
ought to pay his own debts out of the *choses in action*
of his wife, and on this implication authorize the infer-
ence that he had promised or agreed to do so, and give
effect to this implied promise against the wife, it cer-
tainly would not do so in the case of an insolvent hus-
band.

But further than this, the cross bill of Tillett filed in
June, 1840, and setting up his demands against the hus-
band in discharge of his debt to the wife, does not inti-
mate that there was any agreement or understanding,
express or implied, with the husband, that such arrange-
ment should be made.   Nor is any suggestion to that ef-
fect made during the pendency of his suit up to its dis-
missal in December 1847, before which time the wife
had claimed the debt for her separate use.   The record
of the chancery suit goes far to preclude any inference
or implication of an agreement, express or implied, to
settle the demands in the manner referred to, and there
is no evidence which would have authorized the jury
to find such an agreement.   Whether, therefore, we
look to the law or the facts of the case, the defendants
sustained no prejudice from the feature of the instruc-
tion now under consideration.   But the first instruction
is erroneous to the prejudice of Aldridge in authorizing
a verdict against both defendants, if the jury should
find the facts on which a verdict for the plaintiff is
made by the instruction to depend.   We are of opinion
that the Court also erred to the prejudice of Aldridge
in the second instruction given for the plaintiff.

When the reme-
dy is lost against
a surety upon a
bond, to revive
the bond and give
remedy thereon,
the obligor, with
a knowledge of
his rights, must
acknowledge the
obligation of the
bond upon him

Mrs. Rainey having been of age before the passage
of the act of 1838, (3d *Stat. Law*, 558,) the cause of
action on the guardian's bond was then complete, and
the bar of the statute applied at the end of five years
without suit as a release of the surety, if he chose to
rely on it in any subsequent action on the bond, unless
its application should be repelled by some of the cir-
cumstances referred to in the 5th and 6th sections of

the act. These five years had elapsed more than five years before the commencement of the present action, and the question is, by what acts, if by any, the surety in whose favor this statutory bar existed, might afterwards preclude himself from relying on it, or renew or continue the obligation of the bond, and the right of action upon it. To this question we answer in analogy with the cases decided on the general statute of limitations as applicable to simple contracts, (see *Graham vs. Hunt*, 8 *B. Monroe*, 7,) that the act which would have the effect referred to must be such as would itself sustain the action on the bond, and give it obligatory force, if it had none before, or such act as would estop the surety from afterwards relying on the bar. Under this view of the law, a mere promise by the surety, (after the bar was complete,) to pay the bond, or a mere acknowledgment of its subsisting obligation would not preclude his subsequent reliance on the statute, unless he acted with a knowledge of his legal condition and rights with respect to the bond, and with the intention to give it efficacy as a bond by his promise or acknowledgment, or unless he thereby knowingly and intentionally induced some act on the other side, which it would be a fraud in him to defeat. If his promise or acknowledgment were made under the belief that the bond was at the time a subsisting obligation which he could not defeat at will; such promise or acknowledgment could not give to it any additional obligation, or deprive him of an existing right of which he was ignorant.

The instruction given by the Court does not accord with this view of the law, and on this ground, and because there is no proof or fact which would authorize the finding of any such acknowledgment as the instruction supposes, it is deemed erroneous and misleading.

It follows also, from the foregoing principles, that the plaintiff's replication to the plea of Aldridge, so far as it sets up a promise and acknowledgment within five years before the commencement of this action, is insufficient—and that to have been good, it should either have shown a promise or acknowledgment made under

<div style="margin">
TILLETT, &c.
*vs*
COMMONWEALTH
FÓR RAINEY.

with the intention of giving effect to it as a subsisting obligation—or knowingly and intentionally induced some action in regard thereto by the obligee which it would be a fraud to defeat.
</div>

circumstances, and with the intention above indicated as being sufficient, or it should have shown that the action was brought within five years after the ward became of age, or that some of the circumstances mentioned in the 5th and 6th sections of the act had existed to save it from the bar. As it appeared in the record that the suit was commenced more than ten years after the passage of the act of 1838, the mere denial that the ward was of age at its passage, was not a sufficient answer to the plea, which averred that the action had not been commenced within five years, &c.— The plaintiff was not entitled to a judgment on this replication.

Wherefore, the judgment being joint, is reversed, for the errors prejudicial to Aldridge, and the cause is remanded, with directions that the parties have leave to readjust the pleadings upon Aldridge's plea of the statute, and for a new trial consistent with this opinion.

*Dunlap and Burditt* for plaintiffs; *Burton* for defendant.

---

CHANCERY.

*Case* 100.

*June* 22.

Case stated.